**STATE of Alaska, Appellant,**

v.

**William A. STANLEY, Appellee.**

**William A. STANLEY, Cross-Appellant,**

v.

**STATE of Alaska, Cross-Appellee.**

**Nos. 1598, 1601.**

Supreme Court of Alaska.

April 27, 1973.

John E. Havelock, Atty. Gen., Juneau, John A. Reeder, Jr., B. Richard Edwards, Asst. Attys. Gen., W. C. Arnold, Anchorage, for appellant and cross-appellee.

Donna C. Willard, of Walton & Willard, Edgar Paul Boyko, of Edgar Paul Boyko & Associates, Anchorage, for appellee and cross-appellant.

## OPINION

### ON PETITION FOR REHEARING

The State raises three points on its Petition for Rehearing. The first concerns the personal liability of the defendant, Short. The State takes the position that a criminal law enforcement official of the Department of Fish and Game should not be held personally liable for negligent conduct performed while exercising his duties. As authority the State cites Gregoire v. Biddle, 177 F.2d 579 (2d Cir. 1949); Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L. Ed.2d 1434 (1959); and Wright v. White, 166 Or. 136, 110 P.2d 948 (1941). The *Gregoire* case and the *Wright* case deal with the exercise of judicial functions. In *Gregoire*, officials of the United States government authorized prosecution of Gregoire on the grounds that he was an enemy alien. The court discussed the absolute privilege of judges and prosecuting attorneys. The same principle was applied to other executive officials. Similarly, in *Wright* a question arose as to the liability of officials of the National Guard for ordering a court martial of Wright. Barr v. Matteo, *supra*, decided by a divided United States Supreme Court, involved a question as to the privilege of the Acting Director of the Office of Rent Stabilization to issue a press release in which he gave reasons

why he intended to suspend two other officers of the agency. All three cases are readily distinguishable on their facts from the subject one. We did not rest Short's possible liability upon his decision whether or not to seize the vessel, the Lynn Kendall. We stated:

> While a public employee, such as Short, may not be held liable for acts done in line of official duty involving a mistake in judgment or discretion, or because of erroneous interpretation and application of law, it is well established that the immunity from suit does not apply to the negligent performance of acts not involving such discretionary judgment-policy decisions. (Footnotes omitted.)

The State further contends that because the case was remanded for further findings as to whether Short was negligent and whether such negligence was a proximate cause of the damage to the vessel, the decision with reference to the negligence of the State should be reversed as lacking establishment of proximate cause. The opinion, 506 P.2d 1284, referred to various acts of negligence on the part of both Short and Newburn which formed a basis for the trial court's finding that negligent acts of State employees proximately caused the sinking. The matter was remanded to the trial court as it is not possible for us to otherwise ascertain whether the court regarded Short's negligence, Newburn's negligence, or both of their negligent acts as such proximate cause. In that regard the remand should be limited to ascertaining whether Short's negligence was a proximate cause of the damage to the vessel, as the findings of the court below have already disposed of the issue of negligence on Short's part.

Thirdly, the petition alleges that "[t]he opinion cast the burden on the bailee to absolve itself of negligence rather than going forward with the evidence to the extent he is able." To the contrary, the opinion stated that the ultimate "burden of proving

specific negligence is placed upon the plaintiff-bailor."

Accordingly, the Petition for Rehearing is denied.